## MORGAN et al. *vs.* JONES, Adm'r, et al.

[APPEAL FROM DECRETAL ORDER OF CHANCELLOR, &C.]

1. *Appeal from decretal order, &c.; when dismissed.*—Where an appeal is taken from a decretal order, overruling a motion to dismiss a bill for want of equity, this court will of its own motion dismiss the appeal, unless the record shows that the consent of the opposite party or his attorney was obtained before the taking of the appeal.

2. *Rehearing.*—Under the circumstances of this case, a *certiorari* was allowed to bring up matter of record to show jurisdiction of this court to entertain the appeal, and in support of the motion to set aside order of dismissal.

APPEAL from the Chancery Court of Wilcox.
Heard before Hon. ADAM C. FELDER.

S. J. CUMMING, for appellant.
COCHRAN & DAWSON, *contra.*

PECK, C. J.—The appeal in this case is taken from a decretal order of the chancellor overruling a motion to dismiss the complainants' bill for want of equity. The act of the 23d of February, 1866, (Revised Code, § 3486,) permits an appeal to this court from such a decree, but provides, that such an appeal shall be taken *only* after the consent of the opposite party, or his attorney, is obtained to its being taken.

To give this court jurisdiction of such an appeal, the consent of the opposite party, or his attorney, must appear in the record. The record fails to show any consent of the opposite parties, or their attorneys, to the taking of this appeal; therefore, although no motion is made for that purpose, the appeal must be dismissed, as it is a mere nullity, and gives this court no jurisdiction to entertain it. Let the appeal be dismissed at the appellants' cost.

Morgan et al. v. Jones, Adm'r, et al.

NOTE BY REPORTER.—At a subsequent day of the term, the appellants prayed for a rehearing, and that the order of dismissal be set aside. The grounds of the petition are set forth in the response to the application, which was delivered by

PECK, C. J.—At the last term of this court, the appeal in this case was dismissed, because it was an appeal from a decretal order of the chancellor overruling a motion to dismiss the complainants' bill for want of equity, and because the record did not show that the consent of the opposite party, or his attorney, had been obtained to its being taken as required by section 3486 of the Revised Code.

On the 6th day of March last, a written petition of the appellants was filed with the clerk of this court praying for a rehearing, or that the order dismissing said appeal be set aside, and the cause restored to the docket, with leave to the appellants to move for a *certiorari*, &c., upon the ground that the written consent of the solicitors of the complainant was obtained to the taking of said appeal, before the appeal was taken, and filed with the register, and that the register neglected to send up, as a part of the record, said written consent.

A copy of said consent is made a part of said petition, and said petition is supported by the affidavits of S. J. Cumming, the attorney of appellants, and of the present register of the chancery court, (the register by whom the appeal was granted and the record made out being dead,) that said original consent was on file in his office.

Although no reason is shown why a *certiorari* was not asked for, to perfect the record before the cause was submitted, yet, as the appeal did not suspend the proceedings in the chancery court, the motion to set aside the order of the last term dismissing the appeal, and to restore the cause to the docket, is granted, with leave to the appellants to move for a *certiorari* to perfect the record, by making a certified copy of said written consent, that said appeal might be taken, a part of the record; but, as the said ap-

peal was dismissed by reason of appellants' fault, they will pay the costs of this application.

Rehearing granted.